UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
::
NATURAL RESOURCES DEFENSE COUNCIL, INC.,   :
:
      Plaintiff,   :   Civ. No. 07-5929 WHP
:   ECF CASE
  - v. -   :
:
UNITED STATES DEPARTMENT OF STATE,   :
:
      Defendant.   :
:
------------------------------------------------------------------------x

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTORY STATEMENT

1. Plaintiff Natural Resources Defense Council ("NRDC") asserts violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, by Defendant United States Department of State ("DOS") for refusing to disclose responsive records relating to the logging and/or trade of Peruvian bigleaf mahogany (*Swietenia macrophylla*).

2. International demand for mahogany has threatened bigleaf mahogany with commercial extinction. As a result, since 2003, bigleaf mahogany has been protected under international law as a species listed under Appendix II of the Convention on the International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), a treaty to which both the United States and Peru are Parties. As an Appendix II species, bigleaf mahogany cannot be lawfully exported unless the exporting country's Scientific Authority has advised that the export will not be detrimental to the survival of the species and its Management Authority is satisfied that the specimens to be exported were not obtained in violation of the exporting country's laws.

3.      Peru is one of the few remaining countries with a commercially viable bigleaf mahogany population. Because of the tremendous demand for the tree's dense, valuable wood, illegal logging of mahogany is rampant in Peru. Loggers enter pristine, often protected areas of the Peruvian Amazon and fell old-growth mahogany trees, damaging the rainforest ecosystem.

4.      Illegal logging of Peruvian bigleaf mahogany also deprives indigenous people who live in the rainforest of their homes, resources, and safety. Indigenous people are the victims of human rights violations, including murder and forced labor, at the hands of mahogany loggers.

5.      The United States market represents the predominant market for Peruvian bigleaf mahogany. In 2005, for example, more than 85 percent of Peru's mahogany exports were shipped to the United States.

6.      The illegal logging and trade of bigleaf mahogany has become a major issue in ongoing trade negotiations between the United States and Peru, as well as in debates in the United States Congress over legislation authorizing the President to engage in trade negotiations.

7.      To uncover information relating to the logging and/or trade of Peruvian bigleaf mahogany, NRDC submitted FOIA requests to DOS on July 11, 2006, and April 24, 2007.

8.      DOS has failed to provide an adequate response to either of NRDC's FOIA requests.

9.      As a non-profit advocacy organization seeking information that will contribute significantly to the public's understanding of U.S. foreign and trade policy, NRDC is entitled to a fee waiver from DOS pursuant to FOIA. NRDC requested a fee waiver from DOS in connection with both FOIA requests. DOS denied the fee waiver with respect to the first FOIA request, and then denied NRDC's administrative appeal of that denial. DOS has not yet ruled on NRDC's request for a fee waiver in connection with the second FOIA request.

10.     NRDC seeks a declaration that DOS has violated FOIA by refusing to disclose responsive records and an injunction ordering DOS to provide those records. NRDC also seeks a declaration that, pursuant to FOIA, NRDC is entitled to fee waivers from DOS in connection with these requests.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action, and venue is proper in the District Court for the Southern District of New York, pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12.     Plaintiff NRDC is a not-for-profit, environmental membership organization with more than a half-million members nationwide, and with its principal place of business in New York, New York. NRDC's membership and staff of lawyers, scientists, and other environmental specialists have a longstanding interest in the international trade in tropical timber species such as bigleaf mahogany. NRDC first proposed increased protections for mahogany under CITES in 1992 and lobbied for them for years until the CITES Parties voted to list bigleaf mahogany in Appendix II at the 12th Meeting of the CITES Conference of the Parties in 2002. Since then, NRDC has pursued meaningful enforcement of these international protections, through litigation and advocacy, both in Peru, the major exporter of bigleaf mahogany, and in the United States, the major importer of the species.

13.     NRDC routinely uses FOIA to obtain information from federal agencies, which NRDC legal and scientific experts analyze in order to inform NRDC members and the public about a variety of issues including endangered species, drinking water quality, energy policy, urban air pollution, pesticide regulation, climate change, and nuclear weapons. NRDC regularly conveys

important information to its members and the public by way of publications and press releases, as well as by releasing to the public information and documents obtained through FOIA requests.

14. NRDC brings this action on its own behalf and on behalf of its members. NRDC and its members have been and continue to be injured by Defendant's refusals to provide responsive records. The requested relief will redress Plaintiff's injuries.

15. Defendant DOS is a federal agency within the meaning of FOIA and has possession or control of records that Plaintiff seeks in this action.

## STATUTORY FRAMEWORK

16. FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies. 5 U.S.C. § 552(a)(3)(A). These exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each document for which it is claimed.

17. Upon receiving a FOIA request, an agency has twenty working days to respond by determining whether responsive documents exist and whether the agency will release them. 5 U.S.C. § 552(a)(6)(A). If the agency denies the FOIA request, the requester is entitled to appeal the determination within thirty days. FOIA requires the agency to make a determination with respect to an appeal within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii).

18. FOIA does not permit an agency to delay an initial response or an appeal determination for longer than ten working days past the statutory deadline, and then only if the agency can demonstrate that it faces "unusual circumstances." 5 U.S.C. § 552(a)(6)(B). "Unusual circumstances" include the need to search for and collect requested documents from other offices, the need to appropriately examine a voluminous amount of separate and distinct records, and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I-III).

19.     A requester is entitled to a waiver of fees associated with responding to a FOIA request when the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).

20.     When an agency denies, in whole or in part, a request for records under FOIA, the agency must make a "reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request."  5 U.S.C. § 552(a)(6)(F).

21.     FOIA expressly provides that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions" governing its response to a FOIA request or an appeal.  5 U.S.C. § 552(a)(6)(C).

### STATEMENT OF FACTS

**A.     NRDC's First FOIA Request to DOS**

22.     By letter dated July 11, 2006, NRDC filed a FOIA request with DOS, requesting all records prepared, authorized, stored, or received, in the following categories:

    (a) Any cable, communication or other record sent on or around April 19, 2006 from the United States Embassy in Peru relating to the logging and/or trade of Peruvian bigleaf mahogany (*Swietenia macrophylla*).

    (b) Any records prepared after March 10, 2006 relating to the logging and/or trade of Peruvian bigleaf mahogany (*Swietenia macrophylla*).

    (c) Any other records prepared after November 15, 2003 relating to the logging and/or trade of Peruvian bigleaf mahogany (*Swietenia macrophylla*).

NRDC requested that these records be produced on a rolling basis, with highest priority given to the most recent documents, *i.e.*, those from March 10, 2006 onward.

23.     NRDC's July 11, 2006 FOIA request to DOS also included a request that DOS waive the fee that it would otherwise charge to search for and produce responsive records. NRDC claimed entitlement to a fee waiver pursuant to FOIA because "disclosure of the information is in the public interest[,] because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of NRDC. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

24.     Included with its July 11, 2006 FOIA request, NRDC provided DOS with material substantiating its entitlement to a fee waiver for that request.

**B.      DOS's Denial of NRDC's Fee Waiver Request**

25.     DOS denied NRDC's fee waiver application by letter dated July 26, 2006, without providing a justification for the denial.

26.     NRDC filed a timely administrative appeal of the fee waiver denial on August 9, 2006.

27.     DOS denied the appeal by letter dated November 6, 2006, on the ground that the requested records were not "likely to contribute significantly to public understanding of the operations or activities of the government" because disclosure of the records "would contribute only to the understanding of a limited number of interested persons rather than [to] the understanding of the public at large."

28.     The requested records pertain to important issues of U.S. foreign and trade policy and would contribute to public understanding of DOS knowledge of and activities related to illegal logging in the Peruvian Amazon, trade in endangered species, natural resource extraction, and the potential impacts of these activities on globally significant ecosystems and vulnerable

indigenous peoples. The illegal logging and trade of bigleaf mahogany has also become a major issue in ongoing trade negotiations between the United States and Peru, as well as in debates in the United States Congress over legislation authorizing the President to engage in trade negotiations.

29.     As a non-profit organization that has spent over thirty years advocating for the development of wise federal environmental policies, NRDC routinely receives fee waivers under FOIA. NRDC's interest in obtaining the requested materials is to disseminate newsworthy information to the public, free of charge, as well as to use the information in its ongoing efforts to advocate for meaningful enforcement of CITES restrictions on the logging and trade of Peruvian bigleaf mahogany.

**C.     DOS's Failure to Provide an Adequate Response to First FOIA Request**

30.     Under FOIA and DOS regulations, DOS was obligated to respond to NRDC's July 11, 2006 FOIA request on or before August 9, 2006.

31.     To date, DOS has failed to provide NRDC with a complete response to its July 11, 2006 FOIA request. Other than the two letters regarding NRDC's fee waiver request, DOS has not responded in writing to NRDC's July 11, 2006 FOIA request. Neither DOS's July 26, 2006 letter denying NRDC's fee waiver request nor its November 6, 2006 letter denying the administrative appeal purported to provide NRDC with a final response or determination of NRDC's July 11, 2006 FOIA request that would be subject to administrative appeal.

32.     DOS has not informed NRDC of the number of documents in DOS's possession that are responsive to NRDC's July 11, 2006 FOIA request. DOS has not produced any documents nor asserted that any documents are being withheld under one of the FOIA exemptions.

33. In response to telephone inquiries, DOS FOIA staff have informed NRDC staff that responsive records have been identified, including an April 2006 communication sent from the United States Embassy in Peru, but that the documents will not be produced until the office from which the documents were retrieved concurs in their release, a process which was represented could take many months.

**D.     NRDC's Second FOIA Request to DOS**

34. By letter dated April 24, 2007, NRDC filed a second FOIA request with DOS, requesting all records prepared, authorized, stored, or received since the date of NRDC's first FOIA request that relate to the logging and/or trade of Peruvian bigleaf mahogany (*Swietenia macrophylla*).

35. NRDC's April 24, 2007 FOIA request also included a request that DOS waive the fee that it would otherwise charge to search for and produce responsive records. NRDC claimed entitlement to a fee waiver pursuant to FOIA because "disclosure of the information is in the public interest[,] because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of NRDC. 5 U.S.C. § 552(a)(4)(A)(ii)(II).

36. Included with its April 24, 2007 FOIA request, NRDC provided DOS with material substantiating its entitlement to a fee waiver for that request.

**E.     DOS's Failure to Provide an Adequate Response to Second FOIA Request**

37. Under FOIA and DOS regulations, DOS was obligated to respond to NRDC's April 24, 2007 FOIA request on or before May 23, 2007.

38. To date, DOS has failed to provide NRDC with any response to its April 24, 2007 FOIA request. DOS has not informed NRDC of the number of documents in DOS's possession that are responsive to the request. DOS has not produced any documents nor asserted that any

documents are being withheld under one of the FOIA exemptions.  DOS has not responded to NRDC's request for a fee waiver.

## CLAIMS FOR RELIEF

### First Claim for Relief (July 11, 2006 FOIA Request)

39. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

40. By failing to provide all records responsive to NRDC's July 11, 2006 FOIA request, DOS has violated FOIA's mandate to release agency records to the public.  5 U.S.C. § 552(a)(6).

41. DOS further violated FOIA by denying NRDC's request for a fee waiver with respect to its July 11, 2006 FOIA request, because the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).

42. NRDC is entitled to obtain the requested records immediately at no cost.

### Second Claim for Relief (April 24, 2007 FOIA Request)

42. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

43. By failing to provide all records responsive to NRDC's April 24, 2007 FOIA request, DOS has violated FOIA's mandate to release agency records to the public.  5 U.S.C. § 552(a)(6).

44. Under FOIA, DOS is required to grant NRDC's request for a fee waiver with respect to its April 24, 2007 FOIA request, because the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).

45. NRDC is entitled to obtain the requested records immediately at no cost.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing for the following relief:

(1) Declare that Defendant has violated FOIA by failing to provide all records responsive to Plaintiff's July 11, 2006 and April 24, 2007 FOIA requests;

(2) Declare that Plaintiff is entitled to a fee waiver in connection with both FOIA requests;

(3) Order Defendant to make all the requested records available to Plaintiff at no cost within twenty days;

(4) Award Plaintiff its litigation costs and reasonable attorneys' fees in this action; and

(5) Grant such other relief as the Court may deem just and proper.

Dated: June 21, 2007
       New York, NY

                                    Respectfully submitted,


                                    s/ _____
                                    Mitchell S. Bernard (MB 5823)
                                    Thomas Cmar (TC 8791)
                                    Natural Resources Defense Council, Inc.
                                    40 West 20th Street
                                    New York, NY  10011
                                    Phone:  (212) 727-2700
                                    Fax:  (212) 727-1773

                                    Counsel for Plaintiff