MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for Defendant United States Department of State
By: REBECCA C. MARTIN (RM 0486)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel.: (212) 637-2714

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATURAL RESOURCES DEFENSE COUNCIL, INC.,           :
                                                                                          :     ANSWER
                                              Plaintiff,                           :
                                                                                          :     07 Civ. 5929 (WHP)
        -against -                                                                 :
                                                                                          :
UNITED STATES DEPARTMENT OF STATE,             :
                                                                                          :
                                              Defendant.                       :
------------------------------------------------------------------------X

        Defendant, the United States Department of State (the "State Department" or "defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the Complaint upon information and belief as follows:

        1.    The allegations in Paragraph 1 of the Complaint constitute plaintiff's characterization of its action as to which no response is required.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of whether "international demand for mahogany has threatened bigleaf mahogany with commercial extinction." Denies knowledge or information sufficient to form a belief as to the truth of the second sentence of Paragraph 2, but admits that bigleaf mahogany has been listed as a species on Appendix II of the Convention on the International Trade in Endangered Species of Wild Fauna and Flora ("CITES") and that the United States and Peru

are parties to CITES. The remainder of the allegations in Paragraph 2 of the Complaint constitute conclusions of law as to which no response is required.

3. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 3 of the complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 4 of the complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 of the complaint.

6. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 6 of the complaint.

7. Denies knowledge and information sufficient to form a belief as to the first clause of Paragraph 7 of the complaint, and admits that plaintiff submitted two Freedom of Information Act ("FOIA") requests to the State Department dated July 11, 2006, and April 24, 2007.

8. Denies the allegations in Paragraph 8 and avers that the State Department is diligently searching for and reviewing documents responsive to plaintiff's requests.

9. Denies the first sentence of Paragraph 9 of the Complaint, except admits that plaintiff is a non-profit organization. Admits the remainder of the allegations in Paragraph 9.

10. The allegations in Paragraph 10 of the Complaint constitute plaintiff's characterization of the remedy that it seeks as to which no response is required.

11. The allegations in Paragraph 11 of the Complaint constitute conclusions of law as to which no response is required.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint, except admits that plaintiff is a non-profit organization.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint, except admits that plaintiff is a non-profit organization.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 14 of the Complaint. Denies the remainder of the allegations of Paragraph 14.

15. The allegation in Paragraph 15 of the Complaint that the State Department "is a federal agency within the meaning of FOIA" constitutes a conclusion of law as to which no response is required. Denies the remainder of the allegations of Paragraph 15, except admits that the State Department has possession or control of certain records sought by plaintiff in its FOIA request.

16. The allegations in Paragraph 16 of the Complaint constitute conclusions of law as to which no response is required.

17. The allegations in Paragraph 17 of the Complaint constitute conclusions of law as to which no response is required.

18. The allegations in Paragraph 18 of the Complaint constitute conclusions of law as to which no response is required.

19. The allegations in Paragraph 19 of the Complaint constitute conclusions of law as to which no response is required.

3

20.     The allegations in Paragraph 20 of the Complaint constitute conclusions of law as to which no response is required.

21.     The allegations in Paragraph 21 of the Complaint constitute conclusions of law as to which no response is required.

22.     Admits the allegations set forth in Paragraph 22 of the Complaint, except denies that the July 11, 2006 FOIA request referred to "Peruvian big leaf mahogany (*Swietenia macrophylla*)" and avers that the request referred to "big leaf mahogany (*Swietenia macrophylla*) from Peru."

23.     Admits the allegations set forth in the first two sentences of Paragraph 23 of the Complaint, but denies that plaintiff asserted its fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and avers that plaintiff asserted its fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

24.     Denies the allegations set forth in Paragraph 24 of the Complaint, except admits that plaintiff submitted material purportedly in support of its fee waiver request.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint, except admits that the State Department originally denied plaintiff's fee waiver application.

26.     The allegations set forth in Paragraph 26 of the Complaint contain conclusions of law to which no response is required.  Avers that plaintiff filed an administrative appeal of the State Department's denial of the fee waiver request.

27.     Admits the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies the allegations set forth in the first sentence of Paragraph 28 of the Complaint.  Denies knowledge or information sufficient to form a belief as to the remainder of Paragraph 28, in particular whether illegal logging and trade of bigleaf mahogany has

4

"become a major issue" in ongoing trade negotiations between the United States and Peru and in the Congressional debates over legislation authorizing the President to engage in trade negotiations.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. The allegation in Paragraph 30 of the Complaint constitutes a conclusion of law as to which no response is required.

31. Admits the allegations set forth in the first sentence of Paragraph 31 of the Complaint. Denies the allegations set forth in the second sentence of Paragraph 31 of the Complaint, and avers that the State Department's letter of July 26, 2006, concerned issues regarding the July FOIA request as well as the fee waiver. The allegations set forth in the third sentence of Paragraph 31 constitute a conclusion of law as to which no response is required.

32. Admits the allegations set forth in Paragraph 32 of the Complaint.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, but avers that State Department FOIA staff informed NRDC staff that some documents responsive to the July 11, 2006 FOIA request had been identified and were still under internal review.

34. Admits the allegations set forth in Paragraph 34 of the Complaint.

35. Admits the allegations set forth in the first two sentences of Paragraph 35 of the Complaint, but denies that plaintiff asserted its fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and avers that plaintiff asserted its fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

36. Denies the allegations set forth in Paragraph 36 of the Complaint, except admits that plaintiff submitted material purportedly in support of its fee waiver request.

37. The allegations set forth in Paragraph 37 constitute a legal conclusion to which no response is required.

38. Admits the allegations set forth in Paragraph 38.

## First Claim for Relief

39. Defendant incorporates by reference its responses to Paragraphs 1-38 of the Complaint as if fully set forth herein.

40. The allegations set forth in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, denies the allegations.

41. The allegations set forth in Paragraph 41 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, denies the allegations.

42. The allegations set forth in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, denies the allegations.

## Second Claim for Relief[1]

42A. Defendant incorporates by reference its responses to Paragraphs 1-42 of the Complaint as if fully set forth herein.

---

[1] The Complaint includes two paragraphs numbered 42. As a result, the Answer numbers the second paragraph 42 as "42A."

43. The allegations set forth in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, denies the allegations.

44. The allegations set forth in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, denies the allegations.

45. The allegations set forth in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, denies the allegations.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction because plaintiff has failed to exhaust administrative remedies.

## FOURTH DEFENSE

The State Department faces exceptional circumstances and is exercising due diligence in responding to plaintiff's FOIA request on a first-in, first-out basis.

## FIFTH DEFENSE

The information plaintiff seeks in its FOIA request is subject to exemptions to FOIA. See 5 U.S.C. § 552(b).

WHEREFORE, Defendant demands judgment dismissing the Complaint and granting such further relief as the Court deems just, including costs and disbursements.

Dated: New York, New York
       July 30, 2007

                                   MICHAEL J. GARCIA
                                   United States Attorney for
                                   the Southern District of New York
                                   Attorney for the United States
                                   Department of State

                    By:    /s/
                                   REBECCA C. MARTIN (RM 0486)
                                   Assistant United States Attorney
                                   86 Chambers Street, 3rd Floor
                                   New York, New York  10007
                                   Tel.: (212) 637-2714
                                   Fax: (212) 637-2686

To:    Mitchell S. Bernard, Esq.
        Thomas Cmar, Esq.
        Natural Resources Defense Council, Inc.
        40 West 20th Street
        New York, New York 10011