# EXHIBIT C



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669

tel 415-773-5700
fax 415-773-5759
WWW.ORRICK.COM

March 10, 2006

<u>BY REGISTERED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

TBM Hardwoods, Inc.            Bozovich Timber Products, Inc.
100 Filber Street,             126 Salter Street
Hanover, PA 17331              Evergreen, Alabama 36401

Maderera Gutierrez y Hernandez Ltda.    T. Baird International Corporation
P.O Box N-6968                          601 S. Henderson Road
Gulf Shores, Alabama 36547              King of Prussia, PA 19406

 RE: <u>Notice of Intent to Sue under Section 11(g)(1)(A) of the Endangered Species Act, 16 U.S.C. § 1540(g)(1)(A)</u>

Dear TBM Hardwoods Inc., Bozovich Timber Products, Inc., Maderera Gutierrez y Hernandez Ltda., and T. Baird International Corporation:

 Pursuant to Sections 11(g)(1)(A) & (2)(A) of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1540(g)(1)(A) & 2(A), the Native Federation of the Madre de Dios River and Tributaries ("FENAMAD"), Grupo de Trabajo Racimos de Ungurahui ("Racimos"), and Natural Resources Defense Council ("NRDC") put you on notice of ESA violations with regard to, and their intent to sue to enjoin, the unlawful trade, importation, and possession of Peruvian bigleaf mahogany (*Swietenia macrophylla*).

 Under the ESA, "it is unlawful for any person ... to engage in any trade in any specimens contrary to the provisions of the Convention [on International Trade in Endangered Species of Wild Fauna and Flora ("CITES")] or to possess any specimens traded contrary to the provisions of [CITES]." 16 U.S.C. § 1538(c)(1).

 Effective November 2003, bigleaf mahogany was listed in CITES Appendix II, a category reserved for species at risk of extinction and requiring "strict regulation in order to avoid utilization incompatible with their survival." CITES, art. II, sec. 2(a). As a precondition to granting an export permit for bigleaf mahogany, CITES mandates that (1) the Scientific Authority of the exporting state "advise[]" that the "export will not be detrimental to the survival of that species," and (2) the Management Authority of the exporting state be "satisfied" that "the specimen was not obtained in contravention of the laws of that State for the protection of fauna and flora." CITES, art. IV, sec. 2.


ORRICK

The Scientific Authority of Peru, the National Agrarian University of La Molina ("La Molina"), has not made, and lacks the information necessary to make, a finding that bigleaf mahogany export will not be detrimental to the survival of the species. See e.g., Peru's National Report in Making the Mahogany Trade Work: Report of the workshop on capacity-building for the implementation of the CITES Appendix II listing of mahogany, International Tropical Timber Organization, Technical Series 22, October 2004, p.31 ("The Scientific Authority is currently assessing the status of mahogany populations in Peru, but due to a lack of reliable information, no non-detriment finding has yet been made."); Letter from Vega Salomon of the National Institute of Natural Resources ("INRENA") Office of Communications to Lucila Pautrat Oyarzu, dated January 20, 2006 ("[T]he CITES Scientific Authority has not completed the *informe* (report or non-detriment finding) on the situation of populations of mahogany ... .").

INRENA, the Management Authority of Peru, cannot reasonably be satisfied that bigleaf mahogany is harvested lawfully. In 2003, Peruvian authorities admitted that "approximately 95% of mahogany that leaves the country is extracted illegally." Peruvian National Strategy on Illegal Logging (2003), p.3. INRENA has identified common methods of illicit mining including the fraudulent use of forestry concessions, falsification of transport documents, and manipulation of the national forestry computer database. Last year, after investigating 27 forestry concessions in Madre de Dios and Ucayali, INRENA found 13 operated illegally, including by misrepresenting the locations and quantities of mahogany in the concession, enabling illegal logging outside the concession, and providing permits to allow illegal logging on behalf of third parties. Email from Rosario Acero, Director of Biodiversity Conservation, INRENA, to Peter Thomas, Division of Management Authority, United States Fish and Wildlife Service ("USFWS"), dated September 9, 2005 and attachment thereto. Additionally, INRENA discovered at least 51 falsified Peruvian transport certificates for mahogany. Id. at press release attached to email. Although there is little mahogany left in legal forestry concessions, INRENA continues to grant export permits without prior inspection of concessions.

Since La Molina has not issued a non-detriment finding, and rampant illegal logging precludes INRENA from making a credible lawful harvest determination, Peru cannot issue a valid export permit under CITES for bigleaf mahogany. CITES, art. IV, sec. 2. Therefore, trade in Peruvian mahogany is being conducted in violation of CITES and the ESA. 16 U.S.C. § 1538(c)(1); 50 C.F.R. § 23.12(a)(2)(i) ("In order to import into the United States any wildlife or plant listed in Appendix II from any foreign country, a valid foreign export permit issued by the country of origin ... must be obtained prior to such importation.").


ORRICK

By trading, importing, and possessing mahogany obtained in contravention of CITES, your companies are violating ESA Section 9(c)(1). 16 U.S.C. § 1538(c)(1).

In addition to declaratory relief, plaintiffs will seek an injunction to prohibit the trade, import, and possession of bigleaf mahogany from Peru unless and until imports comply with CITES, and seizure and forfeiture of mahogany unlawfully imported. We are serving the United States Department of Interior, the United States Department of Agriculture, and the Department of Homeland Security with a separate ESA notice of intent to sue, attached hereto.

FENAMAD is located at Av. 26 de Diciembre 276, Puerto Maldonado, Madre de Dios, Peru, and represents indigenous tribes whose land, lives, culture, and security have been injured and are threatened by illegal logging in Peru. Racimos, based at Calle Canarias, Mz. J6-Lote 20, Cedros de Villa, Chorrillos, Lima, Peru, provides legal services and assistance to indigenous peoples harmed by illegal logging. NRDC is headquartered at 40 West 20th Street, New York, NY 10011. Its members and staff conduct research, advocacy, and public education aimed at protecting indigenous peoples affected by illegal logging and preventing the extinction of bigleaf mahogany. FENAMAD, Racimos, and NRDC will file the lawsuit on behalf of their affected members and institutions.

If you have any questions about the issues raised in this letter or wish to discuss with us its contents, please contact Karen G. Johnson-McKewan or Mitchell S. Bernard. We request that, if you wish to have discussions before the complaint is filed, you contact us as quickly as possible.

Sincerely,

*[signature]* /AT
Karen G. Johnson-McKewan

*[signature]*
Mitchell S. Bernard
Natural Resources Defense Council
40 W. 20th Street
New York, NY 100011
(212) 727-4469

Counsel for FENAMAD, Racimos, and NRDC

3


ORRICK

cc:

Gale A. Norton, Secretary
U.S. Department of the Interior
1849 C Street, NW
Washington, DC 20240

Michael Chertoff, Secretary
U.S. Department of Homeland Security
3801 Nebraska Avenue, NW
Washington, DC 20528

Mike Johanns, Secretary
U.S. Department of Agriculture
1400 Independence Avenue, SW
Washington, DC 20250

Thomas B. McIlvain, Jr.
100 Filbert Street
Hanover, PA 17331

Leonard W. Price III
520 Brickell Key Drive
Suite 0-305
Miami, FL 33131

Transglobal Corp. Administration LLC
520 Brickell Key Drive
Miami, Florida 33131

South American Lumber Imports, Inc.
Bozovich Timber Products
126 Salter Street
Evergreen, AL 36401

McIlvain T. Baird International Company
Messrs. Eugene E. Reitz &
Thomas L. Sandor
601 S. Henderson Road
King of Prussia, PA 19406

4