UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATURAL RESOURCES DEFENSE COUNCIL, INC.,  :
                                          :
                                          :
                         Plaintiff,       :
                                          :       07 Civ. 5929 (WHP)
     -against -                           :
                                          :
UNITED STATES DEPARTMENT OF STATE,        :
                                          :
                                          :
                         Defendant.       :
------------------------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

 

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant the

REBECCA C. MARTIN (RM 0486)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2714
rebecca.martin@usdoj.gov

   -Of Counsel-

Table of Contents

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I:   THE DISPUTED REDACTIONS FROM LIMA CABLE NO. 1534
          CONSIST OF PREDECISIONAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.       FOIA and Summary Judgment Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.       The Department of State Properly Withheld Information
             Pursuant to the Deliberative-Process Privilege
             Encompassed by FOIA Exemption 5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT II:  IN CAMERA REVIEW OF THE CABLE IS NOT
          WARRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Table of Authorities

Cases                                                                                                                Page

Abraham Fruchter & Twersky, LLP v. SEC, No. 05 Civ. 00039 (HB),
       2006 WL 785285 (S.D.N.Y. Mar. 29, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

 Carney v. Dep't of Justice, 19 F.3d 807 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Chem. Mfrs. Ass'n v. Consumer Prod. Safety Comm'n,
       600 F. Supp. 114 (D.D.C. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ctr. for Nat'l Sec. Studies v. DOJ, 331 F.3d 918 (D.C. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . 3

Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1 (2001).. . . . . . . . . . . . 4, 5

Doherty v. United States Department of Justice, 775 F.2d 49 (2d Cir. 1985). . . . . . . . . . . . . . . 9

EPA v. Mink, 410 U.S. 73 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ferguson v. FBI, No. 89 Civ. 5071 (RPP), 1995 WL 329307 (S.D.N.Y. June 1, 1995). . . . . . . . 2

Formaldehyde Inst. v. Dep't of Health & Human Servs., 889 F.2d 1118 (D.C. Cir. 1989). . . . . . 6

Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . 4, 5, 8

Halpern v. FBI, 181 F.3d 279 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

Hamilton Sec. Group Inc. v.  Department of Housing and Urban Dev.,
       106 F. Supp. 2d 23 (D.D.C. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hopkins v. HUD, 929 F.2d 81 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

John Doe Agency v. John Doe Corp., 493 U.S. 146 (1989). . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Judicial Watch v. Exp.-Imp. Bank, 108 F. Supp. 2d 19 (D.D.C. 2000).. . . . . . . . . . . . . . . . . . . 6

Local 3, Int'l Bhd. of Elec. Workers v. NLRB, 845 F.2d 1177 (2d Cir. 1988). . . . . . . . . . . . 5-6, 9

Mapother v. United States Dep't of Justice, 3 F.3d 1533 (D.C. Cir. 1993). . . . . . . . . . . . . . . . . 9

Miscavige v. IRS, 2 F.3d 366 (11th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Nat'l Council of La Raza v. DOJ, 411 F.3d 350 (2d Cir. 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . 7

Petroleum Info. Corp. v. Department of Interior, 976 F.2d 1429 (D.C. Cir. 1992). . . . . . . . . . . . . 8

Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168 (1975) . . . . . . . . . . . . . . . 5, 6

Schell v. United States Dep't of Health & Human Servs., 843 F.2d 933 (6th Cir. 1988). . . . . . . . 6

Tigue v. DOJ, 312 F.3d 70 (2d Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Vaughn v. Rosen, 523 F.2d 1136 (D.C. Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Williams v. United States Dep't of Justice, 556 F. Supp. 63 (D.D.C. 1982). . . . . . . . . . . . . . . . . 9

Wolfe v. Dep't of Health & Human Servs., 839 F.2d 768 (D.C. Cir. 1988). . . . . . . . . . . . . . . . . . 6

Statutes & Regulations

5 U.S.C. § 552(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. §552(a)(4)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 552(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. § 552(b)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Other References

Convention on International Trade in Endangered Species of Wild Fauna and Flora,
    Mar. 3, 1973, 27 U.S.T. 1087, T.I.A.S. No. 8249 27 U.S.T. 1087,
    T.I.A.S. No. 8249. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Defendant United States Department of State ("DOS"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion for summary judgment and in opposition to plaintiff's motion for summary judgment in this Freedom of Information Act ("FOIA") case.

## PRELIMINARY STATEMENT

The sole issue before this Court concerns redactions made to a single document. Plaintiff has not challenged the scope of the search conducted by DOS, and with respect to the records redacted or withheld by DOS in response to plaintiff's two FOIA requests, plaintiff makes clear in its brief that it "only challenges one such withholding": Cable No. 1534 sent from the U.S. embassy in Lima, Peru (the "Cable").

The redactions at issue are exceedingly minimal. Indeed, they consist of a total of four sentences, redacted from Paragraphs 1 and 11 of the Cable.[1] As discussed below, these redactions are predecisional, deliberative and, thus, exempt from disclosure under Exemption 5 of FOIA. Furthermore, plaintiff's one-sentence request for the exceptional step of an in camera review of the document at issue is unsupported by fact or law and should be denied.

---

[1] The original redactions to the Cable involved redactions to three paragraphs (Paragraphs 1, 10 and 11). DOS has now determined to release the redacted material contained in one of the three paragraphs (Paragraph 10). See Declaration of Rebecca C. Martin ("Martin Dec.") Ex. G (attaching true and correct copy of revised, redacted Cable).

**BACKGROUND[2]**

On July 11, 2006, plaintiff submitted to DOS a FOIA request for, inter alia, documents concerning illegal logging of mahogany in Peru. Martin Dec. Ex. A (attaching FOIA request). On April 24, 2007, plaintiff submitted a follow-up FOIA request for records concerning the "logging and/or trade of bigleaf mahogany." Id. Ex. C.[3] On October 1, 2007, DOS began producing documents to plaintiff and completed its production with respect to both requests on December 7, 2007. Id. ¶ 5. On November 7, 2007 and January 7, 2008, plaintiff, pursuant to the Court's direction, identified certain withholdings it was interested in challenging. Id. Ex. D. On January 25, 2008, DOS provided plaintiff with two Vaughn Indexes for the documents identified by plaintiff, specifying the basis for the withholdings. Id. Ex. E and F.

Now, plaintiff has dropped its claims to all the records withheld in this case, except that it "only challenges one such withholding," i.e., the minimal redactions made to the Cable. See Plaintiff's Memorandum of Law in Support of Its Motion for Summary Judgment ("Pl. Mem.") at 8. The Cable, co-drafted by employees of the U.S. Embassy and the U.S. Agency for

---

[2] In accordance with the general practice in this Circuit, DOS is not submitting a Statement pursuant to Local Civil Rule 56.1 or responding to plaintiff's Rule 56.1 Statement. See Ferguson v. FBI, No. 89 Civ. 5071 (RPP), 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995) (in FOIA actions, a requirement to submit a statement under former Local Rule 3(g) would be "meaningless," because "the general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment") (citing Carney v. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994)). In addition to being unnecessary and inappropriate in a FOIA case, plaintiff's Rule 56.1 submission is flawed in that it, inter alia, consists almost entirely of statements that are not material – or, in many cases, even arguably relevant – to the single, legal issue before this Court, i.e., whether the material redacted from the Cable is exempt from disclosure under Exemption 5.

[3] On July 26, 2006, DOS denied plaintiff's request for a fee waiver. Martin Decl. Ex. B. That decision was later reversed and the fee waiver granted. Id., ¶ 2.

International Development ("USAID") was referred to USAID for review. Declaration of Margaret P. Grafeld ("Grafeld Dec.") ¶ 3. Pursuant to that review, four sentences have been redacted from the version of the Cable released to plaintiff. See Declaration of Joanne Paskar ("Paskar Dec."); Martin Dec. Ex. G.

## ARGUMENT

### POINT I

### THE DISPUTED REDACTIONS FROM LIMA CABLE NO. 1534 CONSIST OF PREDECISIONAL, DELIBERATIVE MATERIAL PROTECTED BY EXEMPTION 5

**A.     FOIA and Summary Judgment Standards**

In an effort to "ensure an informed citizenry, . . . needed to check against corruption and to hold the governors accountable to the governed," NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978), FOIA requires each federal agency to make available to the public a wide array of information, and sets forth procedures by which requesters may obtain such information, see 5 U.S.C. § 552(a). In enacting FOIA, however, Congress recognized that public disclosure is not always in the public interest. Rather, "FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." Ctr. for Nat'l Sec. Studies v. DOJ, 331 F.3d 918, 925 (D.C. Cir. 2003) (citing John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989)). To ensure such a balance, FOIA exempts nine categories of information from disclosure, while providing that "[a]ny reasonably segregable portion of a record shall be provided . . . after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). Although courts have

given these exemptions a "narrow compass," Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (citation and internal quotation marks omitted); see also Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999), FOIA exemptions are nonetheless "intended to have meaningful reach and application," John Doe Agency, 493 U.S. at 152.

Summary judgment pursuant to Fed. R. Civ. P. 56 is the procedural vehicle by which most FOIA actions are resolved. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."). Summary judgment is warranted if the Government shows (a) "its search was adequate" and (b) "any withheld documents fall within an exemption to the FOIA." See Carney, 19 F.3d at 812. "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." Id. (footnote omitted); see also Halpern v. FBI, 181 F.3d 279, 291 (2d Cir. 1999) (same) (citation, alterations, and internal quotation marks omitted).

Although this Court reviews the agency's determination that requested information falls within a FOIA exemption de novo, see 5 U.S.C. § 552(a)(4)(B); Halpern, 181 F.3d at 287, the declarations submitted by the agency in support of its determination are "accorded a presumption of good faith," Carney, 19 F.3d at 812 (citation and internal quotation marks omitted).

**B.     The Department of State Properly Withheld Information Pursuant to the Deliberative-Process Privilege Encompassed by FOIA Exemption 5**

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency."

5 U.S.C. § 552(b)(5). Exemption 5 incorporates the privileges available to an agency in civil litigation, including the deliberative process, attorney-client, and work-product privileges. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); Hopkins v. HUD, 929 F.2d 81, 84 (2d Cir. 1991); see also Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 184 (1975); Tigue v. DOJ, 312 F.3d 70, 76 (2d Cir. 2002).

Documents covered by the deliberative process privilege include those "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Sears, 421 U.S. at 150 (internal quotation marks and citations omitted). As the Supreme Court has explained:

> The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.

Klamath, 532 U.S. at 8-9 (internal quotation marks and citations omitted). See also EPA v. Mink, 410 U.S. 73, 87 (1973) ("[E]fficiency of Government would be greatly hampered if, with respect to legal and policy matters, all Government agencies were prematurely forced to 'operate in a fishbowl.'") (abrogated by statute on other grounds, Pub. Law No. 93-503, 88 Stat. 1561 (1974)).

Under FOIA, an agency record must satisfy three conditions to qualify for the deliberative process privilege. It must be "inter-agency or intra-agency," 5 U.S.C. § 552(b)(5), that is, "its source must be a Government agency," Klamath, 532 U.S. at 8; and it "must be both 'predecisional' and 'deliberative.'" Grand Cent. P'ship, 166 F.3d at 482 (citations omitted). See also Hopkins, 929 F.2d at 84; Local 3, Int'l Bhd. of Elec. Workers v. NLRB, 845 F.2d 1177,

1180 (2d Cir. 1988). A record is "predecisional" when it is "prepared in order to assist an agency decisionmaker in arriving at his decision . . . ." Renegotiation Bd., 421 U.S. at 184 (cited in Grand Cent. P'ship, 166 F.3d at 482); see also Schell v. United States Dep't of Health & Human Servs., 843 F.2d 933, 940 (6th Cir. 1988) ("A document is predecisional when it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made.'") (citation omitted). "To establish that a document is predecisional, the agency need not point to an agency final decision, but merely establish what deliberative process is involved, and the role that the documents at issue played in that process." Judicial Watch v. Exp.-Imp. Bank, 108 F. Supp. 2d 19, 35 (D.D.C. 2000) (citing Formaldehyde Inst. v. Dep't of Health & Human Servs., 889 F.2d 1118, 1123 (D.C. Cir. 1989)). A record is "deliberative" when "it reflects the give-and-take of the consultative process." Wolfe v. Dep't of Health & Human Servs., 839 F. 2d 768, 774 (D.C. Cir. 1988) (en banc) (citation and internal quotation marks omitted). The Court should accord "considerable deference to the [agency's] judgment as to what constitutes . . . 'part of the agency give-and-take – of the deliberative process – by which the decision itself is made.'" Chem. Mfrs. Ass'n v. Consumer Prod. Safety Comm'n, 600 F. Supp. 114, 118 (D.D.C. 1984) (quoting Vaughn v. Rosen, 523 F.2d 1136, 1144 (D.C. Cir. 1975)). This deference is required, in part, because the agency is best situated "to know what confidentiality is needed 'to prevent injury to the quality of agency decisions . . . .'" Chemical Mfrs., 600 F. Supp. at 118 (quoting Sears, 421 U.S. at 151).

It is undisputed that the Cable is an inter-agency communication. Further, as set forth in the declarations accompanying this motion, USAID determined that the redacted material is both

pre-decisional and deliberative.[4]  The four redacted sentences consist of "predecisional opinions" of the writers of the Cable concerning "issues raised by the Government of Peru's response to the illegal logging of mahogany."  Paskar Dec. ¶ 4.  "[T]he Cable concerns facts and issues concerning how 'to move Peru along a path of compliance and conservation,'" with the goal of "'promoting legal trade with the United States.'"  Id.  Furthermore, the redacted material "consists of the opinion of the writers of the Cable as to the manner in which the government of Peru and Peru's National Institute for Natural Resources ("INRENA") were handling illegal logging and issues that could arise in advance of an upcoming CITES[5] meeting to be held in Peru."  Id. ¶ 4.  None of the information withheld represents any final agency decision on the matters contained therein.  Id.

Simply put, the redacted text was geared to "assist an agency decisionmaker in arriving at his decision," see Nat'l Council of La Raza v. DOJ, 411 F.3d 350, 356 (2d Cir. 2005) (internal quotation marks and citation omitted) -- here, how DOS should respond to Peru's actions with respect to illegal logging of mahogany, how it should proceed to "to move Peru along a path of compliance and conservation."  Paskar Dec. ¶ 4.  Furthermore, the redacted material references issues that could arise in "an upcoming CITES meeting," id., and thus is unquestionably predecisional.

---

[4] The Vaughn index provided to plaintiff erroneously omitted noting that the redacted material was predecisional in nature.  As discussed below, the Paskar Declaration and the Cable itself make clear that the redacted material was predecisional.

[5] "CITES" refers to the Convention on International Trade in Endangered Species of Wild Fauna and Flora, Mar. 3, 1973, 27 U.S.T. 1087, T.I.A.S. No. 8249 .

In addition to being pre-decisional, the documents are also deliberative. The withheld information contain predecisional "opinions" regarding Peru's response to illegal logging and judgments as to what "issues . . . could arise in advance of the CITES meeting." Id. Documents such as these that reveal the pre-decisional subjective opinions and judgment of agency employees are properly withheld as deliberative. See Grand Cent. P'ship, 166 F.3d at 482; Abraham Fruchter & Twersky, LLP v. SEC, No. 05 Civ. 00039 (HB), 2006 WL 785285, at *3 (S.D.N.Y. Mar. 29, 2006) ("documents [that] include the subordinates' observations and questions [are] precisely the type of candid discussion that the deliberative process privilege is designed to shield").

Plaintiff contends that the Cable is not exempt from disclosure because, plaintiff surmises, that the redacted information consists of factual information. Pl. Mem. at 9-10. Plaintiff is both incorrect that the redacted information is factual in nature and mistaken with regard to the scope of the protections afforded under Exemption 5. First, the Paskar Declaration makes clear that the redactions concern "opinions" of the writers of the Cable. Paskar Dec. ¶ 4. In any event, it is clear that Exemption 5 does protect factual material that exposes an agency's decision-making process. Thus, even assuming the accuracy of plaintiff's characterization, any such "facts" are exempt from disclosure under Exemption 5. See Petroleum Info. Corp. v. Department of Interior, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (cautioning "against reflexive fact/opinion characterization as the way to decide . . . Exemption 5 cases"; "the ultimate questions posed by the deliberative process privilege" are "whether the materials bear on the formulation or exercise of agency policy-oriented judgment . . . [and] whether disclosure would tend to diminish

candor within an agency") (emphasis in original); Hamilton Sec. Group Inc. v. Department of Housing and Urban Dev., 106 F. Supp. 2d 23, 33 (D.D.C. 2000) (factual information in audit report on HUD loan sales program covered by Exemption 5 because disclosure of auditor's decisions "to gather or report factual data" would "certainly chill further agency deliberations"); Williams v. United States Dep't of Justice, 556 F. Supp. 63, 65 (D.D.C. 1982) (fact summaries in two memoranda discussing whether to proceed with particular prosecution properly withheld under Exemption 5 because "by their nature they unavoidably disclose the nature of the deliberations in progress"); Mapother v. United States Dep't of Justice, 3 F.3d 1533, 1538-39 (D.C. Cir. 1993) (proper to withhold factual information where "the selection of the facts thought to be relevant clearly involves 'the formulation or exercise of . . . policy-oriented judgment'").

## POINT II

### IN CAMERA REVIEW OF THE CABLE IS NOT WARRANTED

Plaintiff asserts – in one sentence – that the Court should review the Cable in camera to "determine whether DOS is faithfully complying with its obligations under FOIA." Pl. Mem. at 9. There is no basis, however, for such a review in this case.

In camera review of documents that have been withheld or redacted is disfavored. Local 3, Int'l Bhd. of Elec. Workers, 845 F.2d at 1180 ( "In camera review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion."). Indeed, where the Government's affidavits show that the redactions or documents withheld fall within an exemption and there is no basis to doubt the agency's good faith, courts should refrain from conducting an in camera review. See,

e.g., Doherty v. United States Department of Justice, 775 F.2d 49, 52-53 (2d Cir. 1985) (district court "should restrain its discretion to order in camera review" where the "Government's affidavits on their face indicate that the documents withheld logically fall within the claimed exemption and there is no doubt as to agency good faith"); Halpern v. FBI, 181 F.3d 279, 287 (2d Cir. 1999) ("When a government agent can attest in a sworn affidavit that the redactions are necessary, and elaborate on the reasons for the redactions with sufficient specificity, the district court should be able to rule on the appropriateness of the redactions without conducting an in camera review of the redacted materials.").

  Here, the Paskar Declaration provides ample specificity for the Court to rule on the appropriateness of the redactions. Namely, they consist of "opinions" of the writers of the Cable about the actions of the Peruvian government and INRENA with respect to illegal logging of mahogany and such opinions were offered as part of the deliberative process of how "to move Peru along a path of compliance and conservation." Paskar Decl. ¶ 4. Clearly, these redactions logically fall within the deliberative process privilege. Furthermore, plaintiff does not– and indeed, could not – claim that there is any doubt as to the agency's good faith with respect to these redactions. Accordingly, there is no basis for taking the step of conducting an in camera review.

**CONCLUSION**

For all the foregoing reasons and those set forth in defendant's moving and opposition papers, defendant's motion for summary judgment dismissing the complaint should be granted, and plaintiff's motion for summary judgment should be denied.

Dated: New York, New York
       March 14, 2008

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for Defendant

By:   /s/_____
       REBECCA C. MARTIN (RM 0486)
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.: (212) 637-2714