UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
NATURAL RESOURCES DEFENSE                                :
COUNCIL, INC.,                                           :      07 Civ. 5929 (WHP)
                                                         :
            Plaintiff,                                   :      ECF Case
                                                         :
      - v. -                                             :
                                                         :
UNITED STATES DEPARTMENT                                 :
OF STATE,                                                :
                                                         :
            Defendant.                                   :
---------------------------------------------------------x


**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


Thomas Cmar (TC 8791)
NATURAL RESOURCES DEFENSE COUNCIL
1200 New York Ave., N.W., Ste. 400
Washington, DC  20005
Phone:  (202) 289-2405
Fax:  (202) 289-1060

Mitchell S. Bernard (MB 5823)
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY  10011
Phone:  (212) 727-2700
Fax:  (212) 727-1773

Counsel for Plaintiff

Plaintiff Natural Resources Defense Council, Inc. ("NRDC") respectfully submits this memorandum of law in opposition to Defendant United States Department of State's ("DOS's") motion for summary judgment, and as a reply in support of NRDC's motion for summary judgment. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), summary judgment may only be granted to DOS if "the agency has sustained its burden of demonstrating that the documents requested . . . are exempt from disclosure under the FOIA." Assassination Archives & Research Ctr. v. CIA, 334 F.3d 55, 57 (D.C. Cir. 2003); accord Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999); Ruotolo v. Dep't of Justice, Tax Div., 53 F.3d 4, 9 (2d Cir. 1995). On the other hand, because FOIA codifies "a policy strongly favoring public disclosure of information in the possession of federal agencies," any agency claims of entitlement to an exemption "are 'narrowly construed with doubts resolved in favor of disclosure.'" Halpern v. FBI, 181 F.3d 279, 287 (2d Cir. 1999) (quoting FLRA v. U.S. Dep't of Veterans Affairs, 958 F.2d 503, 508 (2d Cir. 1992)). Because DOS has not met its burden of proof here with respect to the April 2006 cable, the document should either be released or reviewed *in camera* by the Court.[1]

**I.    DOS Has Not Met Its Burden of Proving That the April 2006 Cable Was Properly Withheld Under FOIA Exemption 5.**

In NRDC's opening brief, NRDC explained that it had elected to focus its motion for summary judgment on DOS's partial withholding of an April 2006 cable from the United States

---

[1] NRDC incorporates by reference its memorandum of law in support of its motion for summary judgment, filed with the Court on February 7, 2008, and the accompanying Declaration of Ari Hershowitz, dated February 7, 2008 ("Hershowitz Decl."). By letter dated March 25, 2008, NRDC requested (with the consent of DOS) that the Court substitute a corrected version of the Hershowitz Declaration for the one filed on February 7, which omitted two lines due to a computer error. The Court has not yet ruled on this request.

1

Embassy in Peru.  NRDC Mem. at 8; see also Hershowitz Decl. ¶¶ 18-19.[2]  In purporting to justify its withholding of portions of the April 2006 cable under FOIA Exemption 5, DOS's Vaughn index simply stated that the document "contains opinions and reveals deliberations by decision-makers."  Id. Ex. L at 8.  As NRDC pointed out, this Vaughn index entry is deficient on its face, in that it fails to establish that the document was "'predecisional' or otherwise identify how the document 'bear[s] on the formation or exercise of policy-oriented judgment.'"  NRDC Mem. at 9 (quoting Grand Cent. P'ship, 166 F.3d 473, 482 (2d Cir. 1999)).  This is no small defect:  to establish a claim of deliberative-process privilege, an agency must prove that a document played a specific role in an identified agency decision-making process.  See, e.g., Grand Central P'ship, 166 F.3d at 482 (to establish privilege, agency must "pinpoint the specific agency decision to which the document correlates" and explain the document's role in that decision-making process); Senate of P.R. v. U.S. Dep't of Justice, 823 F.2d 574, 585-86 (D.C. Cir. 1987) (agency showing insufficient to establish privilege where agency failed to provide "any identification of the specific final decisions to which the advice or recommendations contained in the withheld documents contributed"); Natural Resources Defense Council v. U.S. Dep't of Defense, 388 F. Supp. 2d 1086, 1098 (C.D. Cal. 2005) [hereinafter NRDC v. DOD I] (to establish privilege, "the agency must identify the role of a contested document in a specific decisionmaking process") (internal quotation marks omitted).

DOS now claims, however, that its Vaughn index "erroneously omitted" this necessary showing, DOS Mem. at 7 n.4, and attempts to rectify the error by submitting to the Court the Declaration of Joanne Paskar, dated March 7, 2008 ("Paskar Decl.").  The Paskar Declaration

---

[2] NRDC narrowed the focus of its challenge out of consideration for the Court's and its own limited resources, and because the April 2006 cable is a document of particular importance to NRDC and the public.  Hershowitz Decl. ¶¶ 18-19.

asserts that the redacted portions of the April 2006 cable are "predecisional opinions of agency personnel . . . as to the manner in which the government of Peru . . . w[as] handling illegal logging and issues that could arise in advance of an upcoming CITES meeting to be held in Peru." Paskar Decl. ¶ 4.

Although agency declarations may be afforded a presumption of good faith, see DOS Mem. at 4, "the good faith presumption . . . only applies when accompanied by reasonably detailed explanations of why material was withheld." Halpern, 181 F.3d at 295; see also Natural Resources Defense Council v. U.S. Dep't of Defense, 442 F. Supp. 2d 857, 878 (C.D. Cal. 2006) ("agencies may not use this presumption [of good faith] to avoid their obligations of presenting *specific and thorough justifications for their withholdings*") (emphasis in original). The statements in the Paskar Declaration, without more, do not "describe with reasonable specificity the nature of the documents at issue and the justification for nondisclosure," as is required for DOS to carry its burden of proof under FOIA.[3] Halpern, 181 F.3d at 291 (internal quotation marks omitted); see also Davin v. U.S. Dep't of Justice, 60 F.3d 1043, 1051 (3d Cir. 1995) (to justify withholding under FOIA Exemption 5, agency must provide "connective tissue" sufficient to allow the Court to evaluate the relationship "between the document, the deletion, the exemption and the explanation"); King v. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) ("A withholding agency must describe *each* document or portion thereof withheld, and for

---

[3] The Paskar Declaration further states that "[t]he release of this predecisional deliberative material would discourage open and frank agency discussions, and disclose opinions and recommendations which formed an integral part of the part of the decision-making process." Paskar Decl. ¶ 4. The declaration also states that "[t]he information withheld does not represent any final agency decision" and that "[a]ny factual information contained in the withheld material is inextricably intertwined with the agency pre-decisional deliberations and cannot reasonably be segregated therefrom." Id. These statements, however, merely parrot language found in FOIA and associated case law, without providing any additional information that applies this language to the specific document at issue.

3

*each* withholding it must discuss the consequences of disclosing the sought-after information.") (emphasis in original).

Further, buried in a footnote in its summary judgment brief, DOS announces that it has now reversed itself with respect to one of the three previously withheld portions of the April 2006 cable, determining that Paragraph 10 of the document is releasable. See DOS Mem. at 1 n.1. The newly released material in Paragraph 10 is purely factual in nature. See Paskar Decl. Ex. A ¶ 10 (stating that Peru's "computerized system to track mahogany harvest," which was developed with U.S. Government funding, is "consistently" inaccurate due to "corruption," with "data ha[ving] been consistently misentered or altered at field locations").

In addition to providing further support to NRDC's contention that the withheld portions of the April 2006 cable appear to consist entirely of non-privileged, purely factual material, see NRDC Mem. at 9-10,[4] this newly released material in Paragraph 10 highlights the importance to NRDC and the public of uncovering the remaining material in the April 2006 cable. The document, which summarizes Embassy officials' knowledge of illegal logging and trade of mahogany in the Peruvian Amazon, was prepared shortly after NRDC sent letters to United States Government agencies and private importers notifying them that imports of Peruvian mahogany violated the Convention on International Trade in Endangered Species ("CITES"), as incorporated by the Endangered Species Act, 16 U.S.C. § 1538(c) ("ESA"). Hershowitz Decl. ¶¶ 4-7, 19, Exs. A-C, M. CITES requires that Peru, prior to issuing a valid export permit for mahogany, make specific findings that (a) trade in the species is not detrimental to its survival,

---

[4] Although DOS notes that there are certain circumstances in which even purely factual material might be privileged if its disclosure might "expose an agency's decision-making process," DOS Mem. at 8, "this exception cannot be read so broadly as to undermine the basic rule; in most situations factual summaries prepared for informational purposes will not reveal deliberative processes and hence should be disclosed." Paisley v. CIA, 712 F.2d 686, 699 (D.C. Cir. 1983).

and (b) that the specimens for which export is sought were lawfully acquired under the laws of that country.  Id. ¶¶ 5-6; see also CITES, art. IV § 2.  The newly released information in Paragraph 10 of the April 2006 cable suggests that Peru's system of tracking the harvest and trade of mahogany was overrun by corruption, Paskar Decl. Ex. A ¶ 10, further calling into the question the legality of imports of Peruvian mahogany into the United States, which NRDC had challenged in its March 10, 2006 ESA notice letters.  See Hershowitz Decl. ¶¶ 4-7, 19, Exs. A-C, M.  Under the circumstances, DOS's failure to release this information until confronted with a motion for summary judgment is suspicious at best.

      The Paskar Declaration contains the bare assertion that the redacted portions were properly withheld because they relate to Embassy officials' opinions over how Peru was handling illegal logging.  Paskar Decl. ¶ 4.  DOS may not carry its burden under FOIA with such conclusory statements.  See, e.g., Vaughn v. Rosen, 523 F.2d 1136, 1144-46 (D.C. Cir. 1975) (holding that agency affidavit was insufficient to justify withholding under FOIA Exemption 5 where it "merely asserted in conclusory terms that Exemption 5 was applicable," and "at no point did it discuss the role in which the evaluative portions play in agency deliberations").  Based on the information provided by DOS, there is no way to discern why any particular portions of the April 2006 cable were withheld while others were released.  Indeed, to the extent that any portion of the document appears that it might have been legitimately withheld under the deliberative-process privilege, it is a portion that has already been released:  Paragraphs 18-20, which appear under the subject heading, "Comment: Much To Be Done."  Paskar Decl. Ex. A.  These paragraphs arguably do contain the sort of "advisory opinions, recommendations, and deliberations" over which agencies typically assert the deliberative-process privilege.  Grand Cent. P'ship, 166 F.3d at 482.  But DOS released this material.  By contrast, there does not

5

appear to be any discernable reason – from the DOS's Vaughn index, the Paskar Declaration, or the document itself – why DOS redacted the portions of the April 2006 cable that it did.  DOS's release of Paragraph 10 of the document, which consists entirely of non-privileged factual material, further calls its redactions to the remainder of the document into question.  Accordingly, DOS has failed to meet its burden of proving that those redactions were justified.  Halpern, 181 F.3d at 291-95; see also NRDC v. DOD I, 388 F. Supp. 2d at 1096 ("Whether by Vaughn index or by affidavit or by some combination of the two, the government must 'provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and why, and the court can decide whether the exemptions claimed justify the nondisclosure.") (quoting Fiduccia v. United States, 185 F.3d 1035, 1043 (9th Cir. 1999)).

**II.     The April 2006 Cable Should Either Be Released in Its Entirety
         or Reviewed *In Camera*.**

As DOS has not met its burden of proof here, NRDC respectfully requests that the Court order DOS to release the document in full or else provide it to the Court in unredacted form for *in camera* review.  Under FOIA, the Court has discretion to award NRDC either remedy.  See 5 U.S.C. § 552(a)(4)(B) ("the court shall determine the matter *de novo*, and may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions"); see also Dep't of Air Force v. Rose, 425 U.S. 352, 379-82 (1976).

Notwithstanding DOS's contentions to the contrary, see DOS Mem. at 9-10, *in camera* review is appropriate here:  "'[W]here the record is vague or the agency claims too sweeping . . . a District Court should conduct an *in camera* examination to look for segregable non-exempt matter.'"  Hopkins v. U.S. Dep't of Housing & Urban Dev., 929 F.2d 81, 86 (2d Cir. 1991)

6

(quoting Lead Indus. Ass'n v. OSHA, 610 F.2d 70, 85 (2d Cir. 1979)) (alteration in original). As DOS's Vaughn index and the Paskar Declaration amount to little more than conclusory statements that the April 2006 cable is privileged, see supra at 3-5, it is appropriate for this Court to review the document *in camera*. See Hopkins, 929 F.2d at 85-86 (when agency "only asserted in a conclusory fashion" that documents were privileged, "the proper disposition is to remand with instructions to examine the [documents] *in camera*"); Donovan v. FBI, 806 F.2d 55, 59 (2d Cir. 1986) (listing "the conclusory nature of the agency affidavits" as a factor favoring *in camera* review); Paisley, 712 F.2d at 701 n.62 ("If the Government's affidavits fail to meet the standards of specificity set forth by this court, then the District Court should consider *in camera* inspection of the documents.") (citations omitted). Moreover, with only one document remaining at issue, *in camera* review would promote the interests of judicial economy here. See Donovan, 806 F.2d at 59 (stating that court should consider whether *in camera* review of disputed documents would promote "judicial economy"); see also Lee v. Fed. Deposit Ins. Corp., 923 F. Supp. 451, 454 (S.D.N.Y. 1996) ("*In camera* inspection is appropriate when the number of documents to be reviewed is manageable.").

## CONCLUSION

For the reasons set forth above and in NRDC's opening brief, NRDC respectfully urges the Court to grant its motion for summary judgment, deny DOS's motion for summary judgment, and direct DOS to release expeditiously the withheld portions of the April 6, 2006 document.

Dated: April 4, 2008
      Washington, DC                      Respectfully submitted,

                                                     _s/_
                                                     Thomas Cmar (TC 8791)
                                                     NATURAL RESOURCES DEFENSE COUNCIL

        1200 New York Ave., N.W., Ste. 400
        Washington, DC  20005
        Phone:  (202) 289-2405
        Fax:  (202) 289-1060

        Mitchell S. Bernard (MB 5823)
        NATURAL RESOURCES DEFENSE COUNCIL
        40 West 20th Street
        New York, NY  10011
        Phone:  (212) 727-2700
        Fax:  (212) 727-1773

        Counsel for Plaintiff