UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

NATURAL RESOURCES DEFENSE COUNCIL, INC.,    :
:
:
Plaintiff,    :
:    07 Civ. 5929 (WHP)
-against -    :
:
UNITED STATES DEPARTMENT OF STATE,    :
:
:
Defendant.    :

-------------------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant the
United States Department of State

REBECCA C. MARTIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2714
rebecca.martin@usdoj.gov

-Of Counsel-

Defendant United States Department of State ("DOS"), by its attorney,

Michael J. Garcia, United States Attorney for the Southern District of New York,

respectfully submits this memorandum of law in further support of its motion for summary

judgment in this FOIA case.[1]

## ARGUMENT

In its opposition papers, plaintiff asserts the following: (1) the <u>Vaughn</u>

index and Paskar Declaration are insufficiently detailed to allow the Court to determine

whether the redactions were properly made under exemption 5 of FOIA, (2) DOS is not

entitled to a presumption of good faith, and (3) the Court should conduct an <u>in camera</u>

review.  Each of these of these assertions is legally and factually unsupported.

DOS has provided sufficient detail to allow the court to determine whether

the redactions were properly made under the deliberative process privilege.  In contrast to

plaintiff's truncated description, the Paskar Declaration does not consist of "conclusory"

statements, <u>see</u> Pl. Opp. at 5, but instead describes the redactions in detail and provides

clear explanations of why the four redacted sentences were withheld pursuant to the

deliberative process privilege:

> The redacted information consists of predecisional opinions
> of agency personnel in connection with deliberations
> undertaken by the Department of State and USAID as part of
> the decision-making process in addressing issues raised by
> the Government of Peru's response to the illegal logging of
> mahogany.  Specifically, the Cable concerns facts and issues
> concerning how "to move Peru along a path of compliance

---

[1] This Memorandum uses the same terms defined in the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment.

> and conservation, promoting legal trade with the United
> States." Ex. A, para. 18. The redacted material consists of
> the opinion of the writers of the Cable as to the manner in
> which the government of Peru and Peru's National Institute
> for Natural Resources ("INRENA") were handling illegal
> logging and issues that could arise in advance of an
> upcoming CITES meeting to be held in Peru. The release of
> this predecisional deliberative material would discourage
> open and frank agency discussions and disclose opinions and
> recommendations which formed an integral part of the
> decision-making process.

Paskar Decl. ¶ 4.

Thus, contrary to plaintiff's claim, the Paskar Declaration describes "'the nature of the document[] at issue and the justification for nondisclosure.'" Pl. Opp. at 3 (quoting Halpern v. FBI, 181 F.3d 279, 291 (2d Cir. 1999)). The description shows that the redacted information is predecisional, i.e., "part of the decision-making process in addressing issues raised by the Government of Peru's response to the illegal logging of mahogany" and how "'to move Peru along a path of compliance and conservation, promoting legal trade with the United States.'" Paskar Dec. ¶ 4. The description further shows that the redactions are "deliberative" in that they "consist of the opinion of the writers of the Cable" about the manner in which the Peruvian government and INRENA "were handling illegal logging" and about "issues that could arise in advance of an upcoming CITES meeting to be held in Peru." Id. Clearly, pre-decisional subjective opinions and judgment of agency employees, such as those at issue in this case, are properly withheld as deliberative. See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999). See also Abraham Fruchter & Twersky, LLP v. SEC, No. 05 Civ. 00039 (HB), 2006 WL 785285, at *3 (S.D.N.Y. Mar. 29, 2006) ("documents [that] include

the subordinates' observations and questions [are] precisely the type of candid discussion that the deliberative process privilege is designed to shield").

Further, plaintiff has provided no authority suggesting that level of detail provided by DOS is inadequate. Indeed, each of the cases relied on by plaintiff on this point, see Pl. Opp. at 3, simply stands for the proposition that a Vaughn index or agency affidavit that uses a categorical indexing method, without describing specific information that relates the withheld material to the claimed FOIA exemption, is inadequate. See Davin v. DOJ, 60 F.3d 1043, 1051 (3d Cir. 1995) (categorical Vaughn index that does not include "specific factual information concerning the documents withheld and correlate the claimed exemptions to the withheld documents" is inadequate); King v. DOJ, 830 F.2d 210, 220 (D.C. Cir. 1987) (four-character code that purports to explain the (1) relevant FOIA exemption, (2) relevant Executive Order and (3) nature of the redacted material and likely harm to national security attending release of information, is not sufficiently detailed); Halpern v. FBI, 181 F.3d 279, 292 (2d Cir. 1999) (using a "Code Catalog index," which "read[s] more like a policy justification for § 1.3(a)(4) of Executive Order 12,356, while barely pretending to apply the terms of that section to the specific facts of the documents at hand [is insufficiently detailed]. The affidavit gives no contextual description either of the documents subject to redaction or of the specific redactions made to the various documents."). Here, DOS has described the redactions' nature, i.e., "opinion of the writers of the Cable," and their general content, i.e., the manner which the Peruvian government and INRENA "were handling illegal logging" and "issues that could arise in advance of an upcoming CITES meeting to be held in Peru." Paskar Dec. ¶ 4. Although

-3-

plaintiff asserts this is insufficient, it hard to see what more, short of disclosing the entirety of their content, could be said about the withholdings.

      To shore up its speculation that the redactions contain purely factual matter, plaintiff makes the baffling suggestion that DOS is not entitled to a good faith presumption because it has released information that is arguably protected under the deliberative process exemption and, further, because DOS has reversed a prior determination (regarding one redaction) to withhold material from Paragraph 10 of the Cable.  See Pl. Opp. at 5-6. Unsurprisingly, plaintiff fails to point to any authority that suggests that the release of information by the government weighs against the presumption of good faith.  Indeed, in at least one case, the district court squarely rejected such an argument.  See Cliff v. Internal Revenue Service,  529 F. Supp. 11, 14 (S.D.N.Y. 1981) (rejecting contention that IRS affidavit defending withholdings was unreliable because of documents that IRS had released; "the twenty documents which, in plaintiff's view, demonstrate IRS unreliability were, in fact, released by the defendant - that is, they are documents as to which the IRS claimed no exemption. Thus, no unreliability in defendant's characterizations, not even of a general sort, is indicated. Accordingly, plaintiff's skepticism affords no basis for the court to reject the IRS' claim that the [remaining] documents are exempt").  Accordingly, this Court should presume that the Paskar Declaration was drafted and submitted in good faith and should reject plaintiff's contention that the redactions contain factual matter unprotected by deliberative process.

      For each of the reasons discussed above, plaintiff has failed to support its request that the Court review the Cable in camera.  DOS has described the redactions in

sufficient detail to permit the Court to determine whether the redactions were properly made and, further, is entitled to a presumption of good faith.  Accordingly, plaintiff has provided no basis for this Court to deviate from settled practice in this Circuit that courts refrain from conducting an in camera review where the agency has made a sufficient showing that the redactions fall within an exemption and there is no basis to doubt the agency's good faith.  See Local 3, Int'l Bhd. of Elec. Workers v. NLRB, 845 F.2d 1177, 1180 (2d Cir. 1988) ( "In camera review is considered the exception, not the rule . . ."); Doherty v. United States Department of Justice, 775 F.2d 49, 52-53 (2d Cir. 1985) (district court "should restrain its discretion to order in camera review" where the "Government's affidavits on their face indicate that the documents withheld logically fall within the claimed exemption and there is no doubt as to agency good faith"); Halpern, 181 F.3d at 287 ("When a government agent can attest in a sworn affidavit that the redactions are necessary, and elaborate on the reasons for the redactions with sufficient specificity, the district court should be able to rule on the appropriateness of the redactions without conducting an in camera review of the redacted materials.").

**CONCLUSION**

For all the foregoing reasons and those set forth in defendant's moving

papers, the Court should grant defendant's motion for summary judgment, and deny

plaintiff's motion for summary judgment.

Dated: New York, New York
         April 15, 2008

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for Defendant

                            By:    /s/_____
                                        REBECCA C. MARTIN
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: (212) 637-2714
                                        rebecca.martin@usdoj.gov

-6-